# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN DONAHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1105-STE |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 23). Specifically, Plaintiff seeks an award of attorney's fees in the amount of $6,529.60. (ECF No. 23:2). Defendant objects, arguing: (1) that her position was "substantially justified" and (2) that if the Court concludes otherwise, the amount awarded should be no more than $3,768.00. The Court concludes that the government's position was substantially justified and on that basis **DENIES** Plaintiff's request for fees.

## I. ATTORNEY FEES AUTHORIZED UNDER THE EAJA

The EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The

test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988). The government's "position can be justified even though it is not correct." *Id.* at 566, n. 2.

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987). When an area of law is "unclear or in flux, it is more likely that the government's position will be substantially justified." *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).

## II. PLAINTIFF IS NOT ENTITLED TO FEES UNDER THE EAJA

The undersigned reversed the Commissioner's decision denying Plaintiff's application for disability benefits and supplemental security income due to a lack of substantial evidence at step five. (ECF Nos. 21 & 22). With the remand, Mr. Donaho is considered the "prevailing party" for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was

"substantially justified" and whether any special circumstances exist which would prevent an award of benefits. The Court concludes that the government's position was substantially justified, precluding an award of benefits.

### A. Ambiguity in the Administrative Decision Warranting Remand

At the hearing, the Administrative Law Judge (ALJ) asked the vocational expert (VE) whether jobs existed which an individual could perform at the light, unskilled level with no ability to use his non-dominant upper extremity. Administrative Record at 68 (TR.). The VE cited three available jobs, but also stated that the job base would be eroded due to the limitation on the upper extremity. (TR. 67-68). Regarding the specific level of job base erosion, the following exchange occurred:

> Q: Okay, and then the overall light job based is eroded. What percentage would be - - out of a hundred percent of all the light unskilled jobs, what percentage is left?
>
> A: Your honor, it would just be my opinion, I believe at least 50 percent of the jobs would be eroded, because even on these three I listed, it would be difficult to perform those without some occasional use of both hands.

(TR. 69).

Later, Mr. Donaho's attorney questioned the VE for clarification about the availability of jobs and any possible job base erosion. During the exchange, the VE confirmed that the Dictionary of Occupational Titles (DOT) did not specifically identify jobs which could be performed with the use of only one upper extremity. (TR. 75). As a result, the attorney asked the VE whether "it would be accurate to say we really don't

know about how much the occupational job base at light, unskilled work would be eroded" due to employer and/or workstation specific requirements. (TR. 75). The VE replied affirmatively, and further agreed that the total restriction on the upper left extremity would require an employer to provide an accommodation to the particular workstation or how the work was performed. (TR. 76-77).

With the job erosion, the Court was unable to discern whether the Plaintiff was able to perform the identified jobs based on his particular physical limitation due to an ambiguity in the VE's testimony. (ECF No. 21:7-8). The VE testified that "at least 50% of the jobs would be eroded, because even on the three I listed, it would be difficult to perform them without some occasional use of both hands." (TR. 69). The Court found that the VE's testimony could be interpreted two ways: (1) after the erosion, the remaining jobs could be performed with only one extremity, or (2) even with the job erosion, "occasional" use of both hands would be required. (ECF No. 21:7-8).

The Court adopted the latter interpretation because the VE also testified that the DOT did not list jobs which were specifically limited to the use of one arm and that the restriction would require a particular workstation accommodation by an individual employer. (ECF No. 21:7). Thus, the Court concluded that Plaintiff would be unable to perform jobs, even when eroded, because they had required "some occasional use of both hands." (ECF No. 21:8). With the RFC which limited the Plaintiff to non-use of his left upper extremity, Plaintiff could not perform the identified jobs, and therefore the ALJ's step five findings lacked substantial evidence. (ECF No. 21:8).

Ultimately, the Court remanded for clarification of several ambiguities, including: (1) Plaintiff's actual RFC regarding the restriction on his upper left extremity, (2) whether the limitation would allow him to perform other work, (3) the level of job erosion which could result from the limitation, and (4) whether the job erosion would eliminate a category of jobs or allow specific jobs tailored to the impairment. (ECF No. 21:8).

### B. The Government's Position was Substantially Justified

On appeal, Ms. Colvin argued the step five findings were supported by substantial evidence—i.e.—the VE's testimony because: (1) the VE had relied on the DOT to identify three jobs that Mr. Donaho could perform, (2) the DOT was silent on the issue of an individual's use of only one extremity, and (3) the VE testified that in his professional opinion the jobs would be reduced if the individual was limited to the use of only one extremity. (ECF No. 20:6-7, 9-10). Ultimately, however, the ambiguities at the administrative level rendered the Court unable to definitively conclude that the step five findings were supported by substantial evidence.

Even so, a lack of substantial evidence at the administrative level does not necessarily equate with a lack of substantial justification for the government's position in defending an application for EAJA fees. *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988) ("a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."). And indeed, on

appeal, the Commissioner's litigation position was justified to a degree that it could satisfy a reasonable person, even though the Court ultimately disagreed.

The Tenth Circuit Court of Appeals recently addressed similar circumstances in *Harmon v. Colvin*, 2016 WL 2766672 (10th Cir. 2016). In *Harmon*, the district court had recommended denial of attorney's fees under EAJA, concluding that the government's position was substantially justified. *Harmon*, at *1-2. The Tenth Circuit affirmed, citing the following passage from a case that the district court had relied on:

> This court remanded the case so that the commissioner could articulate more completely his rationale for concluding that plaintiff's activities and medical treatment history were not consistent with his allegations of disability. An administrative law judge's failure to articulate sufficiently the pat [sic] of his reasoning in no way necessitates a finding the [commissioner's] position was not substantially justified with the meaning of the EAJA. . . .Although these errors may sound significant, in reality this was a close case and one that a different court may have decided differently.

*Harmon*, at *1 (internal citation and quotation marks omitted). The passage from *Harmon* is persuasive in the instant case. As in the case cited in *Harmon*, the remand here was primarily due to a failure by the VE and the ALJ to articulate their reasoning in a way that the Court could definitively conclude that substantial evidence supported the step five findings.

In the Memorandum Order and Opinion reversing the ALJ, the Court stated that the VE's testimony concerning the availability of jobs "could be interpreted two ways[.]" (ECF No. 21:7). The Court's own reasoning underscores the Commissioner's defense on appeal as being "substantially justified," even though the Court ultimately rejected Ms.

6

Colvin's argument. See *Pierce v. Underwood*, 487 U.S. 552, 566, n. 2 (1988) (stating that the government's "position can be justified even though it is not correct.").

**ORDER**

Because the Defendant's position was substantially justified, the Court **DENIES** Plaintiff's Motion for Attorney's Fees under the EAJA **(ECF No. 23)**.

ENTERED on August 5, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE